﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200505-82113
DATE: July 31, 2020

ORDER

Reopening of the previously denied claim of entitlement to service connection for the cause of the Veteran’s death is denied. 

FINDING OF FACT

Evidence received after a May 1981 decision that denied service connection for the cause of the Veteran’s death is neither new nor relevant. 

CONCLUSION OF LAW

The criteria for reopening of previously denied claim for entitlement to service connection for the cause of the Veteran’s death are not met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501, 19.2(a)-(b). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from October 1967 to September 1970. The Veteran died in February 2011. The appellant is his surviving spouse.

In a January 2020 rating decision, a Regional Office (RO) of the United States Department of Veterans Affairs (VA) denied the appellant’s claim for service connection for dependency and indemnity compensation (DIC), death pension, and accrued benefits because the appellant had not provided any new and relevant evidence. In January 2020, the appellant initiated an appeal of the January 2020 decision, seeking higher level review by the RO. In March 2020, the RO determined that new and relevant evidence had not been received to reopen the appellant’s claims for service connection for cause of the Veteran’s death and for entitlement to DIC under 38 U.S.C. § 1318. 

The appellant sought direct review of this determination by the Board of Veterans’ Appeals (Board) in April 2020. In the direct review lane, remand is permitted only to correct a pre-decisional error or for any other error the correction of which raises a reasonable possibility of aiding in substantiating the claim. 38 C.F.R. § 20.802. The record on appeal is that considered by the RO in rendering the decision on appeal. The Board is bound by favorable findings made by the RO. 38 C.F.R. §§ 20.301, 20.801.

VA regulations provide that if new and relevant evidence is presented or secured with respect to a supplemental claim, the Agency of Original Jurisdiction (AOJ) will readjudicate the claim taking into consideration all of the evidence of record. If new and relevant evidence is not presented or secured, the agency of original jurisdiction will issue a decision finding that there was insufficient evidence to readjudicate the claim. In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. 38 C.F.R. § 3.2501. 

New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(1). New and relevant evidence received before VA issues its decision on a supplemental claim will be considered as having been filed in connection with the claim. 38 C.F.R. § 3.2501(a)(2).

The appellant’s claim for service connection for cause of death was denied in May 1981. The appellant did not appeal the decision and it became final. In August 2019, the appellant submitted a claim to reopen her previously denied claim for DIC. The RO denied this claim in April 2020 on the grounds that new and relevant evidence had not been received to reopen the claims for service connection for the cause of the Veteran’s death and for entitlement to DIC benefits. The appellant perfected an appeal of the issue of entitlement to service connection for cause of the Veteran’s death which is now before the Board. 

Since the final denial in 1981, the appellant has resubmitted evidence that was previously before the RO. Such evidence includes, but is not limited to, service medical records, and service personnel that had been previously associated with the claims file. These same records have been submitted throughout the years after the May 1981 rating decision became final, and these records had been previously associated and considered in that rating decision. 

Therefore, the Board finds that while additional evidence has been submitted since the May 1981 final rating decision, such is not new. Accordingly, the Board finds that new and relevant has not been received to reopen the previously denied claim of entitlement to service connection for cause of death. 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. M. Lunger, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.